**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SUN ZAPPER (AUST) PTY LIMITED<br><br>　　　　Plaintiff<br><br>　v.<br><br>GARY DEVROY and TRILLIUM WORLDWIDE, INC..<br><br>　　　　Defendants | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

# Complaint for Patent Infringement, Trademark Infringement, False Designation of Origin, Unfair Competition and Deceptive Trade Practices, and for Declaratory Judgment Relief

　　　　Plaintiff, Sun Zapper (Aust) Pty Limited. (hereafter "Plaintiff") brings this action against Defendants, Gary Devroy and his wholly owned company, Trillium Worldwide, Inc. (collectively referred to as "Defendants" and individually referred to as "Devroy" and "Trillium," respectively). Plaintiff alleges the following facts based upon personal knowledge with respect to its own acts and based upon information and belief as to all other matters:

## Nature of the Action and Parties

　　　　1.　　Plaintiff is the owner of United States Patent No. 5,842,748 ("the '748 patent") directed to a glare reducing panel used in vehicles as well as U.S trademark Registration 2,339,147 for SUN ZAPPER. The Defendants have imported into and exported from the United States, sold and offered for sale, glare reducing panels in violation of Plaintiff's patent and trademark rights and have induced others to sell and use such products in violation of Plaintiff's

patent and trademark rights. This Complaint also asserts causes of action arising under federal (Lanham Act) and state laws for false designation of origin, unfair competition and deceptive trade practices arising, at least in part, out of Defendants' unlawful use of Plaintiff's SUN ZAPPER mark and other marks confusingly similar thereto including, but not limited to, the GLARE ZAP'R and SUN BLASTER marks. Defendants' actions also constitute trafficking in counterfeit goods under 18 U.S.C. § 2320, invoking the forfeiture and restitution remedies of that act. See, e.g.,18 U.S.C. § 2323(c).

2. Plaintiff is an Australian corporation with it principal place of business at 8-32 Campbell Avenue, Dee Why, New South Wales, Australia.

3. Upon information and belief, Defendant Devroy is an individual with a place of business at 200 N. Milwaukee Ave., Suite 215, Libertyville, Illinois 60048.

4. Upon information and belief, defendant Trillium is an Illinois corporation with a place of business at 200 N. Milwaukee Ave., Suite 215, Libertyville, Illinois 60048. Trillium's actions, particularly those set forth herein, are controlled and directed by Devroy. Upon information and belief, Devroy is the President and Secretary of Trillium and owns all or the majority of the common stock of Trillium.

**Jurisdiction and venue**

5. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1332, 1338(a) and 1367 because the matter in controversy involves a federal question, there is diversity of citizenship, the action arises under the patent and trademark laws of the United States, including 35 U.S.C. § 271, and the Lanham Act, 15 USC. §§ 1051, *et seq*. Supplemental jurisdiction exists with respect to the remainder of the claims, which include

claims for unfair competition based on the same nexus of operative facts as the other claims. The amount in controversy involves more than $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendants in this state and district under 28 U.S.C. §§ 1391(b) and (c), Fed.R.Civ.P. Rule 4(k)(1), the long-arm statutes of the State of Illinois, and the Due Process Clause of the Constitution since the Defendants regularly conduct business in this state and district, "reside" in this jurisdiction, and have committed acts of patent and trademark infringement in this jurisdiction and a substantial part of the events giving rise to this case occurred in this jurisdiction.

7. Venue is proper in this judicial district under Title 28, United States Code, §1391(b)(1) and (2) and (c), and 28 United States Code §1400(b) because, *inter alia*, the Defendants are subject to personal jurisdiction in this state and district and therefore "reside" in this state and district, a substantial part of the events giving rise to the claims asserted herein arose in this state and district. Defendants also have a regular and established business in this district.

8. Defendants conduct business in this judicial district, including distributing and/or selling products, including those covered by the '748 patent and/or using the infringing trademarks, and by providing technical assistance, instructions and other information regarding the use of such products, all in violation of plaintiff's patent and trademark rights. In addition to retail sales through its own websites, Defendants sell products, including the infringing products, through various other retailers with sales locations throughout the United States and Canada. Such retailers include: Target, True Value, Cabela's, Fingerhut, Scheel's, NorthernTool.com, shop.proservsolutions.com, lifestyleshealthsys.com, healthwaysshoppingnetwork.com, sportsimportsltd.com, Gander MTX, Meijer, Menard's, AutoAnything, Autobarn, AutoSport,

The Warming Store, Amazon.com, Walmart, including through Walmart.com, Sportsman'sMarketInc., including through its sporty.com website, DBROTH, Staples, Drugstore, Garage Envy, MossMotors, Mr. Z Accessories, Plow & Hearth, Product & Service, eBay, and WhateverWorks. Defendants also utilize the warehousing and distribution services of Dynamic Distribution in Chicago, Illinois.

## Facts Common to all Counts.

9. Plaintiff is an Australian manufacturer and distributor of various products, including under the trademark and trade name SUN ZAPPER. Defendants distribute and sell various products in the United States and Canada. For many years Defendants were retained by, and had a business relationship with, Plaintiff. That business involved the importation and sales of SUN ZAPPER glare reducing panels.

10. During the term of the above-described relationship, the SUN ZAPPER glare reducing panels were made for Plaintiff by a Chinese manufacturer, Winhing Industrial Limited. At some point unknown to Plaintiff, Defendants, without Plaintiff's knowledge or consent, approached the Chinese manufacturer to make the patented and trademark products for Defendants, using Plaintiff's own tooling and molds, and to ship those products to Defendants, instead of Plaintiff, for sale in the United States and for export from the United States in violation of Plaintiff's patent and trademark rights and the anti-counterfeiting laws of the United States.

11. During the term of the parties' business relationship, including the period described in the preceding paragraphs, Defendants failed to account for and to remit to Plaintiffs hundreds of thousands of dollars which were owing to Plaintiffs under the terms of the parties'

agreement and relationship and has further failed to compensate Plaintiffs for the Defendants' ongoing patent and trademark infringement, which continue to the present.

12. When Plaintiffs became aware of Defendants' surreptitious and unlawful activities, they made demand upon Defendants to cease such activities and to account for all monies owing contractually and as compensation for the patent and trademark infringement and unauthorized use of Plaintiff's tooling. Defendants have failed and refused to remit such monies or to cease their infringing activities, despite multiple promises to do so and despite explicit admissions by Defendants and their counsel regarding the Defendants' knowing, deliberate, unauthorized, improper and unlawful use of Plaintiff's molds, manufacturer, patent, patent number, and trademark.

13. During, the same period of time, Defendants, without Plaintiff's consent or knowledge, attempted to coattail on the goodwill and reputation of Plaintiff's SUN ZAPPER product, by using and attempting to register at the U.S. Patent and Trademark Office ("PTO"), in its own name, the trademark GLARE ZAP'R, for the same goods, knowing full well that such name, as used for the products in question and in the same or similar channels of trade, was confusingly similar to the SUN ZAPPER mark and that it would be confused by both retailers and consumers. Defendants have also employed the infringing trademark SUN BLASTER, again intending to trade upon the goodwill and reputation of Plaintiff's SUN ZAPPER products.

14. In addition to its U.S. patent and trademark rights, Plaintiff owns Canadian Trademark Registration TMA628079, Australian Trademark Registration Nos. 856723 and 1239612, European Community Trademark Registration No. 001950856 and various foreign counterpart patents to the '748 patent. Upon information and belief, Defendants have exported to, and continue to export to, those countries and jurisdictions and to induce their customers,

including but not limited to Amazon.com, to sell infringing products into those countries and jurisdictions.

### COUNT I — Infringement of the '748 Patent

15. The '748 patent, for a glare reducing panel used in vehicles, was duly and legally issued by the United States Patent and Trademark Office. The entire right, title and interest in the '748 patent has been assigned to Plaintiff, including the right to recover for past damages for any infringement of the patent. A true copy of the '748 patent is attached as Exhibit A.

16. The Defendants have infringed at least one claim of the '748 patent, either literally or under the doctrine of equivalents. Defendants, with knowledge of the '748 patent and intending to infringe it, have actively induced others to use the infringing products and have contributorily infringed the same by selling, offering for sale and importing a component of the patented invention, constituting a material part of the invention, knowing the same to be especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use. Each Defendant is therefore liable for directly and indirectly infringing the '748 patent, either literally or by equivalents, under 35 U.S.C. § 271(a), (b) and (c). Defendants' conduct in the above regards was intentional and willful.

17. Defendants' acts of infringement have caused significant damage to Plaintiff, which is entitled to recover damages adequate to compensate for the infringement in an amount to be proven at trial and to recover, in any event, a reasonable royalty from each defendant for its infringement, such damages to be trebled, plus interest and costs as fixed by the court.

## Count II — Trademark Infringement

18.     Plaintiffs repeat and re-allege the allegations of paragraphs 1-17 of this Complaint.

19.     Defendants' use of the SUN ZAPPER mark or any other mark confusingly similar thereto, including but not limited to, the GLARE ZAP'R and SUN BLASTER marks, infringes upon Plaintiffs' sole and exclusive rights to the SUN ZAPPER mark.  In that regard, Defendants have used identical or virtually identical and/or confusingly similar variations of Plaintiffs' SUN ZAPPER mark in connection with the sale, offering for sale, distribution or advertising of goods and/or services which is likely to cause both confusion and mistake, and is likely to deceive.

20.     Defendants' improper use of the SUN ZAPPER mark or any other mark confusingly similar thereto, including but not limited to, the GLARE ZAP'R and SUN BLASTER marks constitutes trademark infringement under 15 U.S.C. § 1114 (and under common law) and/or constitutes a counterfeit justifying the award of equitable relief.

21.     Under 15 U.S.C. § 1117, the willful and deliberate nature of Defendants' infringement justifies the award of damages equal to their profits arising from the offending products and, in addition, justifies the award of enhanced damages.  The willful and deliberate counterfeiting of Plaintiff's marks and products by Defendants also invokes and allows the alternative award, under 15 U.S.C. § 1117, of statutory damages instead of actual damages and/or profits up to $2,000,000.

22.     The willful and deliberate nature of Defendants' infringement establishes an "exceptional case" and also justifies the award of treble damages, and Plaintiffs' reasonable attorneys' fees.

## Count III — False Designation of Origin

23.  Plaintiffs repeat and re-allege the allegations of paragraphs 1-22 of this Complaint.

24.  Defendants' improper use of the SUN ZAPPER mark or any other mark confusingly similar thereto, including but not limited to, the GLARE ZAP'R and SUN BLASTER mark, constitutes an unlawful false designation of origin that is prohibited under 15 U.S.C. § 1125(a) justifying the award of equitable relief.

25.  The willful and deliberate nature of Defendants' actions establishes an "exceptional case" and justifies the award of damages equal to their profits arising from sales of the offending products and, in addition, justifies the award of enhanced damages. The willful and deliberate counterfeiting of Plaintiff's marks and products by Defendants also invokes and allows the alternative award, under 15 U.S.C. § 1117, of statutory damages instead of actual damages and/or profits up to $2,000,000.

26.  The willful and deliberate nature of Defendants' actions establishes an "exceptional case" and justifies the award of Plaintiffs' reasonable attorneys' fees.

## Count IV — Unfair Competition

27.  Plaintiffs repeat and re-allege the allegations of paragraphs 1-26 of this Complaint.

28.  Defendants' surreptitious and unlawful contacts with Plaintiff's Chinese manufacturer in violation of the parties business arrangement as well as Plaintiff's patent and trademark rights, and their improper use of the SUN ZAPPER mark and other marks confusingly similar thereto, including but not limited to, the GLARE ZAP'R and SUN BLASTER marks, constitutes unfair competition and/or unjust enrichment that is prohibited under 15 U.S.C. §

1125(a) and under Illinois statutes (e.g., 815 ILCS 505/1 *et seq.*) and common law and the statutes and common law of multiple other jurisdictions where Defendants' infringing products have been sold. Defendants' conduct involves trade practices directed to the marketplace and to consumers and is likely to cause and, on information and belief, has caused consumer confusion, thereby harming and deceiving consumers as well as Plaintiff. Defendants' improper and unlawful actions justify the award of compensatory and punitive damages, a disgorgement of profits, an accounting and injunctive and other equitable relief.

29. The willful and deliberate nature of Defendants' actions justifies the award of damages equal to their profits arising from sales of the offending products and, in addition, justifies the award of enhanced damages. The willful and deliberate counterfeiting of Plaintiff's marks and products by Defendants also invokes and allows the alternative award, under 15 U.S.C. § 1117, of statutory damages instead of actual damages and/or profits up to $2,000,000.

30. The willful and deliberate nature of Defendants' actions justifies the award of Plaintiffs' reasonable attorneys' fees.

## Count V — Deceptive Trade Practices

31. Plaintiffs repeat and re-allege the allegations of paragraphs 1-30 of this Complaint.

32. Defendants' improper use of the SUN ZAPPER mark and other marks confusingly similar thereto, including but not limited to, the GLARE ZAP'R and SUN BLASTER marks, constitutes a deceptive trade practice that is prohibited under Illinois common law and statutes, *e.g.*, 815 ILCS 510/1 *et seq*. Defendants' conduct involves trade practices directed to the marketplace and to consumers and is likely to cause and, on information and

belief, has caused consumer confusion, thereby harming and deceiving consumers as well as Plaintiff. Defendants' improper actions justify the award of equitable and other relief.

33. The willful and deliberate nature of Defendants' actions justifies the award of damages equal to their profits arising from sales of the offending products and, in addition, justifies the award of enhanced damages.

34. The willful and deliberate nature of Defendants' actions also justifies the award of Plaintiffs' reasonable attorneys' fees

## Count VI — Declaratory Judgment of Prior Rights and Likelihood of Confusion, and Order Directing the U.S. Patent and Trademark Office to Refuse Registration of Defendants' Pending Application to Register GLARE ZAP'R

35. Plaintiffs repeat and re-allege the allegations of paragraphs 1-34 of this Complaint.

36. Defendants have no valid basis in law or equity to assert rights to the SUN ZAPPER mark or any mark confusingly similar thereto, including, but not limited to the GLARE ZAP'R and SUN BLASTER marks .

37. Defendants have improperly and unlawfully made use of such marks and have attempted to register GLARE ZAP'R and design at the U.S. Patent and Trademark Office ("USPTO") despite Plaintiff's prior and superior rights and protests to Defendants. There is a present and justiciable controversy in this regard justifying and requiring declaratory relief and an order directing Defendants to withdraw any such registration, and to order the Director of the USPTO to refuse any such registration of such marks on the Principal or Supplemental Registers and to give notice of such order to the Director of the USPTO under 15 U.S.C. §§1116 and 1119.

38. Plaintiffs are also entitled to all damages sustained in consequences of Defendants' attempted fraudulent registration under 15 U.S.C. §1120.

OCS-2384432

## Prayer for judgment and relief

WHEREFORE, Plaintiff prays for judgment and seeks relief against Defendants as follows:

A.  That judgment be entered against Defendants finding that they have engaged in patent and trademark infringement, false designation of origin, unfair competition and deceptive trade practices arising from their unlawful and improper use, misuse and infringement of the '748 patent and the SUN ZAPPER, GLARE ZAP'R and SUN BLASTER marks.

B.  That preliminary and permanent injunctions against all Defendants, their officers, agents, employees, subsidiaries, related individuals and entities, customers, representatives, dealers and distributors, and persons acting in concert therewith, enjoining them from any continued acts of patent or trademark infringement or unfair competition, including that they be preliminarily and permanently enjoined from further patent infringement and from using the SUN ZAPPER mark or any other mark confusingly similar thereto, including but not limited to, GLARE ZAP'R and SUN BLASTER;

C.  That declaratory judgment be entered against Defendants finding that Defendants have no valid trademark rights with respect to SUN ZAPPER or any other mark confusingly similar thereto, including but not limited to, GLARE ZAP'R and SUN BLASTER in connection with any windshield sun glare product and/or services, and directing the USPTO not to register such marks on the Principal or Supplemental Register.

D.  That Defendants be enjoined from using, obtaining a registration and/or asserting any trademark ownership rights with respect to the SUN ZAPPER, GLARE ZAP'R and SUN BLASTER marks or any mark confusing similar thereto in connection with any windshield sun glare product and/or services.

E.	That Defendants, including their subsidiaries, affiliates, officers, directors, employees, agents and all others acting in concert or participation with each and all of them be directed to deliver up and surrender within 15 days of judgment herein all products and materials using the SUN ZAPPER mark or any other mark confusingly similar thereto, including but not limited to, the GLARE ZAP'R and SUN BLASTER marks and to contact each and every retailer or distributor known to Defendants who was in any way been induced to use such marks or the patented products to cease and desist from doing so and to return all infringing products and materials for delivery to Plaintiff and/or for destruction.

F.	That Defendants be ordered to pay Plaintiffs all of their profits arising from the sale of SUN ZAPPER, GLARE ZAP'R and SUN BLASTER products, plus interest, and for an accounting of the same.

G.	That Defendants be ordered to pay compensatory and enhanced (such as punitive or trebled) damages to Plaintiffs.

H.	That Defendants be ordered to pay the reasonable attorneys' fees of the Plaintiffs.

I.	That Defendants be ordered to pay statutory damages under 15 U.S.C. § 1117.

J.	That Defendants be ordered to pay restitution under 18 U.S.C. §2323(c) and to destroy all remaining counterfeit goods.

K.	That Defendants be ordered to pay Plaintiffs' costs.

L.	That judgment be entered in favor of Plaintiffs and against Defendants in all respects.

M.	That such other and further relief be awarded to Plaintiffs as may be deemed just, proper and/or equitable by this Court.

**Jury demand**

Plaintiff demands a trial by jury under FED.R.CIV.P. 38(b) and the Seventh Amendment to the U.S. Constitution of all issues triable as of right by jury in this action.

August 8, 2014                                                        Respectfully submitted,


                                                                      By: /s Darrell J. Graham
                                                                      *Attorney for Plaintiff*


Darrell J. Graham
Peter S. Roeser
ROESER BUCHEIT & GRAHAM LLC
2 North Riverside Plaza, Ste. 1420
Chicago, Illinois 60606
Tel: 312-621-0301
Fax: 312-621-0306

*Of Counsel:*

Robert A. Rowan
Paul Bowen
Sheryl DeLuca
Michael Crawford
NIXON & VANDERHYE P.C.
901 N. Glebe Rd.
Arlington, Virginia 22203
Tel: 703-816-4000
Fax: 703-816-4100